UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X

CHRISTOPHER SHAW and LAMAR BUNDY,

               Plaintiffs,

13 CIV. 2438

COMPLAINT

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
SYED ALI, Shield No. 11945 and POLICE
OFFICERS JOHN DOES #1-4 (names and numbers of
whom are unknown at present, and others unidentified
members of the New York City Police Department),

JURY TRIAL
DEMANDED

ECF CASE

               Defendants.

=========================================X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violations of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, Lamar Bundy, was the operator of a motor vehicle, and plaintiff, Christopher Shaw, was a backseat passenger in that motor vehicle on April 22, 2010 and their vehicle was unlawfully and illegally stopped and the plaintiffs detained; the vehicle was stopped without probable cause; the police illegally searched the vehicle without the consent of the owner, driver or occupants; the police allegedly found a knife in the glove compartment and alleged it was a gravity knife when in fact it was a tool used for construction work by Mr. Bundy; said glove compartment was closed and not open to

1

public view; the police officers including defendant, P.O. Syed Ali, arrested the plaintiffs and charged the plaintiffs with violation of New York State Penal Law Section 265.01, Criminal Possession of a Weapon in the Fourth Degree; no other charges or violations of the Vehicle and Traffic Law were alleged and no traffic tickets were issued; in fact, the knife was not a gravity knife, but was of the type used for construction work and was not a weapon; the defendant police officers had no legal basis to arrest the plaintiffs; the prosecution of the plaintiffs was unlawful, and unjust; and the arrests, search, detainment and prosecution of the plaintiffs constituted deprivations of the plaintiffs' constitutional rights and malicious prosecution; the arrests or occurrence took place on April 22, 2010 at approximately 4:00 a.m. at 127th Street and Park Ave., New York, New York and further the plaintiffs appeared in Criminal Court New York County on 4/23/10, 6/28/10, 9/27/10, 12/1/10 and 1/27/11 when the case was dismissed. The defendants, City of New York, New York City Police Department, Police Officer Syed Ali and other New York City police officers (John Does #1-4) arrested the plaintiffs without probable cause and unlawfully detained and handcuffed them and searched them. The plaintiffs' rights were violated, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were deprived of their constitutional and common law rights and also rights under the New York State Constitution when the individual defendants unlawfully arrested, stopped, searched, confined plaintiffs, caused the unjustifiable arrest of plaintiffs, detention of the plaintiffs and the malicious prosecution of the plaintiffs.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

2

Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiffs, CHRISTOPHER SHAW and LAMAR BUNDY, were citizens of the United States and residents of the County, City and State of New York.

6. New York City Police Officer Syed Ali, Shield # 11945 was and still is at all times relevant herein an officer, employee, and/or agent of the New York City Police Department and/or the City of New York

7. On the date of incident, April 22, 2010, defendant Police Officer Syed Ali, and police officers John Does #1-4 were employees of the defendants, New York City Police Department and/or City of New York.

8. Police Officer Syed Ali is being sued in his individual and official capacity.

9. New York City Police Officers John Does #1-4 are and were at all times relevant herein officers, employees, and agents of the New York City Police

3

Department.

10. Police Officers John Does #1-4 are being sued in their individual capacities and official capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department and/or City of New York at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department and/or City of New York.

12. Defendant, City of New York, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, City of New York, assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

13. Plaintiff, Lamar Bundy, was the operator of a motor vehicle, and plaintiff, Christopher Shaw, was a backseat passenger in that motor vehicle on April 22, 2010 and their vehicle was unlawfully and illegally stopped and the plaintiffs detained in

4

and around 127th Street and Park Avenue in the City, County and State of New York; the vehicle was stopped without probable cause; the police illegally searched the vehicle without the consent of the owner, driver or occupants; the police allegedly found a knife in the glove compartment and alleged it was a gravity knife when in fact it was a tool used for construction work by Mr. Bundy; said glove compartment was closed and not open to public view; the police officers including defendant, P.O. Syed Ali, arrested the plaintiffs and charged the plaintiffs with violation of Penal Law Section 265.01, Criminal Possession of a Weapon in the Fourth Degree; no other charges or violations of the Vehicle and Traffic Law were alleged and not traffic tickets issued; in fact the knife was not a gravity knife, but was of the type of tool used for construction work and was not a weapon; the defendant police officers had no legal basis to arrest the plaintiffs; the prosecution of the plaintiffs was unlawful, and unjust; and the arrests, search, detainment and prosecution of the plaintiffs constituted deprivations of the plaintiffs' constitutional rights and malicious prosecution; the occurrence took place on April 22, 2010 at approximately 4:00 a.m. at 127th Street and Park Ave., New York, New York and further the plaintiffs appeared in Criminal Court New York County on 4/23/10, 6/28/10, 9/27/10, 12/1/10 and 1/27/11 when the case was dismissed. The defendants, City of New York, New York City Police Department, Police Officer Syed Ali and other New York City police officers (John Does #1-4) arrested the plaintiffs without probable cause and unlawfully detained and handcuffed them and searched them. The plaintiffs' rights were violated, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were deprived of their constitutional and common law rights and rights under the New York State Constitution when the individual defendants unlawfully

arrested, stopped, searched, confined plaintiffs, caused the unjustifiable arrest of plaintiffs, detention of the plaintiffs and the malicious prosecution of the plaintiffs.

14. That on the above stated date and time Police Officer Syed Ali and/or other NYC Police Officers accosted, stopped and interrogated plaintiffs without probable cause.

15. The defendant police officers then arrested and detained the plaintiffs and handcuffed them without probable cause or legal justification.

16. Police Officer Ali and/or other police officers observed the other officers or defendants violate plaintiffs' rights under the Constitution of the United States and did nothing to prevent the violation of their Constitutional Rights.

17. Failure to intervene by the individually named defendant police officers caused plaintiffs to sustain psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs' Fourth Amendment and Fourteenth Amendment Rights

18. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

19. Defendant Police Officer Ali and Defendants Police Officers John Does #1-4, who were acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned and violated plaintiffs' rights to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment

to the Constitution of the United States.

20. Plaintiffs suffered emotional injuries as a result of their incarceration and prosecution.

21. As a result of plaintiffs' unlawful search and seizure, amounting to a violation of their civil rights, plaintiffs suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

22. Plaintiffs reiterate and reallege the facts stated in paragraphs 1 through 21 as if stated fully herein.

23. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiffs of their right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

24. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whatever Plaintiffs' rights would be violated by their actions.

25. As a direct and proximate result of the acts of Defendants, plaintiffs suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of their physical liberty.

26. Plaintiff, Lamar Bundy lost a job opportunity directly as a result of the arrest and prosecution herein.

## THIRD CAUSE OF ACTION

27. The plaintiffs repeat, reiterate and reallege the facts stated in

7

paragraphs 1 through 26 as if stated fully herein.

28. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiffs of their right to freedom from excessive force and false arrest without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

29. Defendants subjected Plaintiffs to these deprivations of their rights either maliciously or by acting with a reckless disregard for whatever Plaintiffs' rights would be violated by their actions.

30. These Defendants officers either actively participated in the excessive force and false arrest or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

31. As a result of the aforesaid occurrence, Plaintiffs suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### FOURTH CAUSE OF ACTION

### For Violation of Civil Rights

32. The plaintiffs repeat, reiterate and reallege the facts stated in paragraphs 1 through 31 as if stated fully herein.

33. Defendant, City of New York, and Defendant New York City Police Department, through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' right to freedom from the use of excessive and unreasonable force and freedom

from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983 and 42 U.S.C. 1985.

34. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants New York City and New York City Police Department, Defendants committed the unlawful acts referred to above and thus, Defendants New York City and New York City Police Department are liable for the Plaintiffs' injuries.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

35. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in the presence of other officers.

37. Defendants failed to intervene to prevent the unlawful conduct described herein.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

38. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. The defendant, City of New York and defendant New York City Police Department and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Police Officer Syed Ali, and Police Officers John Does #1-4, individuals who were unfit for the performance of police duties on April 22, 2010, at the aforementioned location.

40. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

41. Plaintiffs hereby demand a trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that each plaintiff shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the defendant, City of New York, and Defendant, New York City Police Department, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

   a. That the each plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

   b. That each plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
April 2, 2013

By: _____
STEVEN SEENER, ESQ.
SEENER & SEENER, ESQS.
*Attorneys for Plaintiffs*
*Christopher Shaw and Lamar Bundy*
11 Park Place - 10th Floor
New York, New York 10007
Telephone No. 212-766-2050

Docket No.:                        Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================================

CHRISTOPHER SHAW and LAMAR BUNDY,

                        Plaintiffs,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER SYED ALI, Shield No. 11945 and POLICE OFFICERS JOHN DOES #1-4 (names and numbers of whom are unknown at present, and others unidentified members of the New York City Police Department),

                        Defendants.
================================================================

# COMPLAINT

================================================================

STEVEN SEENER, ESQ.
SEENER & SEENER
*Attorney for Plaintiffs*
*Christopher Shaw and Lamar Bundy*
11 Park Place, 10th Floor
New York, New York 10007
Telephone No. 212-766-2050

### CERTIFICATION

The foregoing Complaint and/or documents are hereby certified pursuant to 22 N.Y.C.R.R. 1301.1.

Dated: New York, New York
       April 2, 2013

                                            BY STEVEN SEENER, ESQ.